**Cyril Edward Zoerner, III, a Minor, by Laura J. Zoerner, His Mother and Next Friend, Plaintiff-Appellant, v. Eisner Grocery Company, a Corporation, and Folding Carrier Corporation, a Corporation, Defendants-Appellees.**

**Gen. No. 11,050.**

Fourth District.

July 30, 1969.

Rehearing denied September 4, 1969.

Mort A. Segall, of Champaign, for appellant.

Franklin, Flynn & Palmer, and Hayes & Moore, of Champaign (Charles L. Palmer, of counsel), for appellees.

CRAVEN, P. J., delivered the opinion of the court.

In May of 1964, Mrs. Zoerner took her son (the plaintiff here), then aged two years, with her to a grocery store in Mahomet, Illinois, to do some grocery shopping. The

store was owned and operated by Gerald Trinkle. Some products in the store were labeled "Eisner Grocery Company" and advertisements by the store bore the emblem of "Eisner Agency." The store owner had purchased some grocery basket carts from the Eisner Grocery Company. The carts were assembled and ready to be used. Some were equipped with seats for children and others were not.

A metal tag affixed to the cart on one side bore the inscription "Eisner's" and a like tag on the other side was inscribed "Folding Carrier Corp." with a patent number and address. Mrs. Zoerner placed her two-year-old son in a cart equipped with a seat and pushed the cart in front of her as she went through the store. She went to the meat counter and as she was conversing with the butcher she heard a noise and turned to her right just as her son fell from the cart. This action by the mother as next friend is to recover for the child's injuries allegedly sustained in the fall.

A cart described as identical to the one involved was introduced and received into evidence without objection. The evidence is further that at no time did the cart involved tip or turn over nor was it otherwise interfered with, and Mrs. Zoerner testified that she did not lose control or contact with the cart.

This action against Eisner Grocery Company and Folding Carrier Corporation, the alleged manufacturer of the cart, asserts liability by reason of (1) strict tort liability, (2) negligence, (3) breach of implied warranty, and (4) breach of express warranty. At the conclusion of the evidence summarized above counsel stipulated that the trial court could hear arguments on motions by the defendants for directed verdicts on the question of liability with the plaintiff reserving the right to present medical evidence at a later time. This procedure was followed and the trial court allowed the motions without passing upon the issue of proximate cause or damages. This appeal is

from the judgments for the defendants thus entered. We affirm those judgments.

We find no evidence in this record that establishes any basis of liability of either defendant. The only evidence relating Folding Carrier Corporation to this cart or plaintiff's injury is the fact of its name being on the side of the cart. Even if we assume, as plaintiff asserts we must, that this proves this defendant designed, manufactured and sold the cart there still exists no evidence of its negligence nor breach of any duty, express or implied, to the plaintiff.

Plaintiff describes this as a products-liability case and states the defendants owed a duty to the plaintiff to provide a cart that would be "safe for him to ride in while his mother was shopping and that the omission of a seat belt or restraining device created an unreasonable danger and defective condition." The many Illinois cases cited and discussed in the briefs were, for the most part, reviewed and discussed by the Illinois Supreme Court in a recent exhaustive opinion involving the same issues with which we are concerned. In Williams v. Brown Mfg. Co., — Ill2d —, (— NE2d — (1969)) (Docket No. 41425, opinion filed May 28, 1969—time for rehearing not expired), the Supreme Court stated:

> "Strict liability in tort was originally imposed upon those in the manufacturing and distribution chain to protect ordinary users and consumers from physical harm caused by a defective condition in a product making it unreasonably dangerous to the consumer. It is *not,* contrary to what it is sometimes called, a doctrine of absolute liability entitling any person harmed in using a product to recover from any member of the production and distribution group. It does *not* make a manufacturer, distributor or retailer an insurer of the consumer's safety. It *is* liability without negligence, but it is *not* liability without fault. There must be a defect in the prod-

uct, it must be established as existing at the time of leaving defendant's control, and it must be such as renders the product unreasonably dangerous to the consumer. (Suvada v. White Motor Co., 32 Ill2d 612, 210 NE2d 182 (1965) ; Wright, The Defective Product and Strict Liability, ABA Law Notes, April, 1969.) That the defect is not the result of the defendant's negligence is no defense, and it is in this respect, and in the elimination of the privity requirement, that the theory of strict liability represents a major departure from traditional tort and contract law principles . . . ."

Further the court stated (— Ill2d — (— NE2d —)) :

"It is universally agreed that a necessary element of plaintiff's case is a showing that the defective condition renders the product unreasonably dangerous . . . ."

Plaintiff also cites Brady v. Great Atlantic & Pacific Tea Co., 336 Mass 386, 145 NE2d 828 (1957) as representative of at least one jurisdiction which has recognized a "duty" on the part of the defendants in a case such as this. There a defective cloth strap restraining device installed on a grocery cart broke and a child fell and was injured. We cannot equate injuries received as a result of a defective strap or restraining device with a duty, as a matter of law, to provide a restraining strap.

■■ The fact of an injury, even to an infant plaintiff, does not give rise to a presumption or inference that the defendants breached some duty to the plaintiff and that they were negligent nor does it give rise to a presumption or inference that the product involved was defective in either design or manufacture, nor that it was unreasonably dangerous. The absence of any evidence on these necessary issues mandated the directed verdict as no contrary verdict could ever stand. Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504 (1967). The

judgments of the Circuit Court of Champaign County are affirmed.

Judgments affirmed.

SMITH and MILLS, JJ., concur.